**In re ORMOND BEACH ASSOCIATES LIMITED PARTNERSHIP,**
**Debtor.**

**Bankruptcy No. 94–21524.**

United States Bankruptcy Court,
D. Connecticut.

Aug. 20, 1997.

See also: 185 B.R. 408.

Ira H. Goldman, Julie A. Manning, Leighton Aiken, and Dana M. Campbell, Shipman & Goodwin, Hartford, CT, for Debtor.

David M.S. Shaiken, Shaiken & Associates, P.C., Hartford, CT, for Claimant Volusia County, Florida.

### RULING AND ORDER ON OBJECTION OF DEBTOR TO CLAIM OF VOLUSIA COUNTY. FLORIDA, CREDITOR

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

#### I.

The matter before the court is an objection of Ormond Beach Associates Limited Partnership ("the debtor"), the debtor in possession in this voluntary Chapter 11 case filed on April 26, 1994, to a proof of claim ("the poc") filed by the County of Volusia ("Volusia County") on March 30, 1995. The poc states the claim to be an unsecured non-priority claim for $2,400,000 based upon a "liquidated contempt of court fine" incurred "8/27/93—

9/2/93 and 3/4/94—10/24/94" and a "court judgment, date obtained: 8/26/93." Volusia County attached to the poc a prepetition order, dated August 26, 1993, of the Circuit Court, Seventh Judicial Circuit in and for Volusia County, Florida, ("the Florida court") entitled "Order Granting Plaintiffs' Motion For Contempt of Court" ("The First Contempt Order"). This Order found the debtor, and others, "to be in willful and flagrant contempt [of] this Court's July 16, 1993 Order"[1] and imposed "a fine in the amount of $10,000 per day, commencing on the date of this order, for each and every day that Defendants fail to purge themselves of the acts of contempt described in this order." *Id.*

Volusia County also attached to the poc a second order, issued postpetition by the Florida court, dated March 7, 1995, which, *inter alia,* found in paragraph 1: "The total outstanding fine for which Defendant [*sic*] is now liable to the County of Volusia is *$2,400,-000.* The Court expressly reserves jurisdiction to enforce Defendant's [sic] accrued liability at subsequent proceedings where the County may also be allowed to be heard" ("The Second Contempt Order"). In paragraph 7, it ordered: "The total accrued contempt fine of $2,400,000 is hereby liquidated for the prior contempt of the Defendants [sic], and it shall be subject to future enforcement proceedings by the County of Volusia in accordance with law." *Id.*

The debtor filed the objection to the poc on February 27, 1997. The objection described the history of litigation in the Florida courts between the debtor and Citation Mortgage,

Ltd., Citation Mortgage Corp. and Citation–Ormond in the Pines, Ltd. (together, "Citation"), in which the July 16, 1993 Order and the two Contempt Orders were issued in response to Citation's motions. The objection asserted that "any claim for contempt of the July 16, 1993, Order is without factual or legal merit, and any claim by Volusia County for civil contempt sanctions should be disallowed."[2]

A hearing on the debtor's objection concluded on May 16, 1997. During the hearing, the parties introduced into evidence some 85 exhibits, and, after the hearing, they submitted extensive memoranda of law.[3]

## II.

As noted in the preceding recitation, the Florida court issued the July 16, 1993 Order and the First Contempt Order *prepetition,* and the Second Contempt Order *post-petition.* The chronicle of the extensive litigation between Citation and the debtor, including the circumstances of these three Orders, is set forth in two prior decisions of this court. *See Ormond Beach Associates Limited Partnership v. Citation Mortgage Ltd. (In re Ormond Beach Associates Limited Partnership),* 204 B.R. 336 (1996), *appeal docketed,* No. CV 210 GLG (D.Conn. Jan. 8, 1997), and *In re Ormond Beach Associates Limited Partnership,* 185 B.R. 408 (Bankr.D.Conn. 1995), *reversed and remanded,* No. CV 1528 JBA, CV 2595 JBA (D.Conn. June 16, 1997), *appeal docketed,* No. 97–5041 (2d Cir. June 27, 1997), *and cross-appeal docketed,* No. 97–

---

1. This order provided:
   Pursuant to Fla. Stat. § 697.07, as amended, the Defendants, ORMOND BEACH and LPIMC, are directed to render, within twenty (20) days of the date of this Order, a full written accounting to CITATION for the receipt and use of the accumulated net operating income for the period from November 17, 1989 through August 11, 1992, the date of appointment of the Receiver herein. ORMOND BEACH and LPIMC shall provide copies of all source documents supporting their accounting.
   *July 16. 1993 Order* ¶ 3d.

2. The debtor deposited $50,000 with the clerk of the Florida court on January 5, 1994 for fines that allegedly accrued between August 27, 1993 and August 31, 1993.

3. Volusia County, in its post-hearing brief, states:

   It is already of record in the Debtor's chapter 11 case that Volusia County has agreed to accept a treatment in Citation's plan of reorganization entitling the County to a cash payment of $50,000.00 from the Debtor, plus the $50,-000 on deposit in the registry of the Clerk of the State Court, plus the interest earned on the deposited funds.
   *Brief* at 39. Citation has now agreed to support the debtor's plan of reorganization which contains a scenario to resolve all their disputes. Only uncertainty as to the extent of Volusia County's claim precludes a hearing on plan confirmation and the debtor's emergence from the bankruptcy court.

5049 (2d Cir. July 21, 1997). In the ruling published at 185 B.R. 408, in which Volusia County was a party, this court awarded sanctions to the debtor payable by Citation and its counsel for deliberate violation of representations made in the bankruptcy court. During a hearing on Citation's motion for relief from the stay imposed by 11 U.S.C. § 362(a) ("the automatic stay"), Citation represented that "it was not seeking relief from stay to pursue contempt sanctions against the debtor in the Florida state-court proceedings [and][y]et that is precisely what occurred as a direct result of Citation's ... deliberate actions." *Id.* at 412. In that decision, this court ruled that the Second Contempt Order violated the automatic stay and that "to the extent it refers to the debtor is void." *Id.* at 413.

Citation, but not Volusia County, appealed this ruling, and the U.S. District Court for the District of Connecticut ("the District Court"), on June 16, 1997, reversed the case "and remanded [it] to the bankruptcy court for consideration of sanctions consistent with this ruling." *District Court Ruling* at 18. The District Court had concluded that the automatic stay was "inapplicable" to the Second Contempt Order, but ruled:

Despite this conclusion, the Court does not conclude that the bankruptcy court was without authority to impose sanctions on appellants for their representations to the bankruptcy court that they would not pursue sanctions against the Debtor and their subsequent conduct in the Florida courts in pursuing such sanctions. The record here demonstrates a course of apparent dissemblances that the bankruptcy court would be well within its authority to sanction, notwithstanding the fortuity of this Court's conclusion on the nature of the contempt proceedings (particularly where appellants themselves never previously advanced the position that the contempt proceedings were not subject to the automatic stay).

*District Court Ruling* at 17.

Neither the Florida court nor Citation had indicated an intention to proceed with the contempt-of-court hearing post-petition until Citation advised the Florida court that the bankruptcy court had modified the automatic stay to permit such continued proceedings. The bankruptcy court determined Citation had committed sanctionable actions in light of its original representations to the bankruptcy court and its subsequent representations to the Florida court.

### III.

Although no direct decisional authority has been located, the court believes that contempt-of-court proceedings originating pre-petition in a nonbankruptcy court, whether such proceedings involve upholding the dignity of the nonbankruptcy court or effectuation of a creditor's remedies, should be heard before such nonbankruptcy court in which the contemptuous actions occurred. Common sense indicates that a bankruptcy court should not, and probably cannot require the nonbankruptcy court to appear to liquidate the nonbankruptcy court's finding of contempt-of-court. *Cf. Juidice v. Vail,* 430 U.S. 327, 335–36, 97 S.Ct. 1211, 1217, 51 L.Ed.2d 376 (1977) ("The contempt power lies at the core of the administration of a State's judicial system ... [and] federal-court interference with the State's contempt process is an offense to the State's interest") (citation and internal quotation marks omitted); 28 U.S.C. § 1334(c)(1) (1993 & Supp.1997) ("Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding ... related to a case under title 11"); *Coker v. Pan Am. World Airways, Inc. (In re Pan American Corp.),* 950 F.2d 839, 846 (2nd Cir.1991) ("comity between Federal and State courts depends upon the mutual respect that each of those divisions of the national judiciary has for the jurisdiction of the other (remarks of Senator Dole; discussing abstention in bankruptcy proceedings)") (citation and internal quotation marks omitted).

### IV.

The automatic stay is modified to permit the contempt-of-court hearing to proceed in the Florida court as affects the debtor. The bankruptcy court will abstain from ruling on

the poc filed by Volusia County until there is a final order entered in the contempt-of-court proceeding. It is

SO ORDERED.